**Aspet TSATURYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75342.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Vadim Yuzefpolsky, Esq., Law Offices of Vadim Yuzefpolsky, Glendale, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Alex Rokakis, U.S. Attorney's Office, Northern District of Ohio Cleveland, OH, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Aspet Tsaturyan, a native of the former Union of Soviet Socialist Republics and a citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000), and we grant the petition for review and remand.

Contrary to the government's contention, the IJ did not make an explicit adverse credibility finding. Therefore, we must assume Tsaturyan testified credibly. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000) ("In the absence of an explicit adverse credibility finding, we must assume that [the applicant's] factual contentions are true.").

Tsaturyan testified that on several occasions neo-Nazis attacked him because of his ancestry and because of his leadership role in an Armenian social and cultural organization. Tsaturyan also testified that

---

police refused to initiate criminal proceedings against the perpetrators of the attacks and police insulted and beat him. *See Avetova–Elisseva,* 213 F.3d at 1201 (elements of the Russian government either support, or are unwilling or unable to stop, a pattern and practice of mistreatment of Armenians in Russia). Accordingly, the IJ's determination that the government of Russia has not acted against Tsaturyan or is able and willing to control other persons or groups who might wish to harm Tsaturyan is not supported by substantial evidence. *See id.*

We remand this case to the BIA for further proceedings to determine whether, accepting Tsaturyan's testimony as credible, he has met the criteria for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.